# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No. 13-62 |
| v. ) | |
| ) | Judge Cathy Bissoon |
| BRYCE HARPER, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pending before the Court is Bryce Harper's ("Defendant's") Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A), as Amended by the First Step Act of 2018, and Amendment 782 of the Sentencing Guidelines, ("Motion," Doc. 535). The Government filed a Response, (Doc. 559). Defendant also filed a Letter of Support, ("Letter," Doc. 560). After consideration of all the relevant briefing, Defendant's Motion will be denied.

Defendant states that he submitted a compassionate release request on June 26, 2020 with the Warden of FCI Fort Dix and received a response from the Warden on July 9, 2020. (Motion at 1; Ex. 535-1.) Defendant concedes that he has "no medical condition," but asserts that his "extraordinary and compelling" reason for compassionate release is the fact that if he were sentenced today for the same crime, he would more than likely receive a "dramatically lower sentence" than the one he is currently serving. (Motion at 1; Ex. 535-1.) Specifically, Defendant states that he was sentenced as a career offender under Section 4B1.1 of the Sentencing Guidelines, but that Section 401 of the First Step Act reduced the mandatory minimum sentence applicable to his crime and altered the trigger for career offender status. (Motion at 1–2.) Defendant also states that he has "the right to enjoy the Amendment 782." (Motion at 2.)

1

In its Response, the Government does not contest the timeliness of the Motion but argues that Defendant cites no applicable "extraordinary or compelling" reason for reduction in sentence. (Response at 3–5.) Moreover, the Government states that Section 401 of the First Step Act does not apply, because Section 401 only applies if a sentence for the offense had not been imposed as of the date of enactment of the Act. Defendant was sentenced in 2015, while the Act was enacted in 2018. (Id. at 5.). The Government also states that to the extent Defendant requests application of Amendment 782, Amendment 782 had already gone into effect (as of November 1, 2014) at the time of Defendant's sentencing in 2015, and that Defendant's Presentence Investigation Report indicates the 2014 Edition of the Guidelines, including amendments affective November 1, 2014, had been used in his case. (Id. at 5–6.)

The statute controls the Court's decision here. Section 3582(c)(1)(A)(i) provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that in any case the court . . . upon motion of the defendant . . . may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction.

A reduction must be consistent with the policy statements issued by the Sentencing Commission. 18 U.S.C. 18 U.S.C. § 3582(c)(1)(A). The Court must consider the Section 3553 Factors, and here, after careful consideration of the parties' arguments, the Court finds that the 3553 Factors cannot support a reduction in sentence.

The Court is required to consider the factors resulting in Defendant's original sentence. The sentence reflects the Defendant's history and characteristics, the seriousness of Defendant's offense, the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, and the needs for just punishment and

deterrence.  Defendant pleaded guilty to two counts: conspiracy to distribute and possess with intent to distribute one kilogram or more of a mixture and substance containing a detectable amount of heroin, and possession of a firearm in furtherance of a drug trafficking crime. (Response at 1–2.)  Defendant's guideline range for imprisonment was 322 to 387 months, but Defendant entered a plea agreement under Rule 11(c)(1)(C) to a term of 228 months.  (Response at 2, 6–7.)   Defendant's crime was serious, as he was involved in a large-scale drug conspiracy involving the distribution of a significant amount of heroin, and Defendant had an extensive prior criminal history, including prior drug convictions.  (Response at 2, 6–7.)

As for Defendant's arguments for release under Section 401 of the First Step Act and Amendment 782, the Court agrees with the Government's position.  Section 401 of the First Step Act is inapplicable to Defendant's case, and Defendant was sentenced taking Amendment 782 into account, making his argument regarding Amendment 782 moot.

Last, as the Defendant conceded and the Government noted, the Defendant has not given any medical reasons that would constitute "extraordinary and compelling" reasons for release in his Motion.  (Motion at 1; Response at 5.)  The best the Court can discern from Defendant's Motion, in addition to the reasons discussed earlier, Defendant indicates that he has been involved in programming and work while in custody, is not a threat to the community and has strong family ties, including a mother who is suffering from sleep apnea and recovering from a heart attack that occurred two years ago. (Motion at 2–3; Ex. 535-1.)  The Court also has considered Defendant's Letter which, in addition to reiterating his earlier points, indicated that since the filing of his Motion, there has been an increase in the number of inmate cases of COVID-19 at FCI Fort Dix.  (Letter at 1–2.)

While the Court does commend Defendant on his rehabilitative efforts while in prison (Motion at 2; Letter at 2–3), this is what the Court hopes is always the case when a defendant is incarcerated. Moreover, when people are incarcerated for the crimes they commit, they necessarily (and unfortunately) cannot be there for their families. Simply put, these are quite ordinary and expected circumstances and, therefore, cannot form the basis for release, given the Court's analysis of the 3553 Factors.

Therefore, consistent with the above, Defendant's Motion for Reduction of Sentence, (Doc. 535), is DENIED.

IT IS SO ORDERED.

October 15, 2020                                s\Cathy Bissoon
                                                Cathy Bissoon
                                                United States District Judge

cc (via ECF email notification):

All Counsel of Record

cc (via First-Class U.S. Mail):

BRYCE HARPER
Reg. # 34033-068
FCI Fort Dix
Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ 08640