IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 13-62 |
| v. | ) | |
| | ) | Judge Cathy Bissoon |
| BRYCE HARPER, | ) | |
| | ) | |
| Defendant. | ) | |

# **ORDER**

On February 23, 2021, the Court received a Mandate from the Court of Appeals for the Third Circuit ("Mandate," Doc. 582) regarding Bryce Harper's ("Defendant's") Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Motion," Doc. 535). The Circuit explained that it received a letter from Defendant with new information on January 7, 2021 ("Letter," Doc. 582-1). Because of this new information, the appellate court vacated this Court's Order of October 16, 2020 ("Order," Doc. 563) and remanded the matter for the undersigned to consider Defendant's Motion against the backdrop of this new information. On February 25, 2021, the Government promptly filed a Response ("Response," Doc. 586).

As the Circuit notes, Defendant's Letter indicates that Defendant had contracted COVID-19. (Letter at 1; Mandate at 1.) The Letter states that Defendant has lost his senses of smell and taste, and that he has complained about his breathing. (Id.) The Government argues that the Defendant's contraction of COVID-19 should not change the Court's analysis. (Response at 4-5.) In addition, the Government—based upon Defendant's Bureau of Prisons ("BOP") medical records which have been supplied to the Court—points out that Defendant received medical attention for the virus and has recovered from COVID-19. (Id. at 2-5; see Doc. 587.)

1

While it is unfortunate that Defendant contracted COVID-19, the Government is correct that this additional fact does not change the Court's view of Defendant's Motion. Defendant has not given any reasons—medical or otherwise—that would constitute "extraordinary and compelling" reasons for release. (See Order at 3-4.) As to the new information, Defendant received treatment for the virus through the BOP and has now thankfully recovered.

More important to the Court's analysis in this case, however, is consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a), which the Court is required to consider under 18 U.S.C. § 3582(c)(1)(A). The Court finds release unwarranted here—again, the Court finds that Defendant's sentence reflects Defendant's history and characteristics, the seriousness of Defendant's offense, the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, and the needs for just punishment and deterrence. (See id. at 2-4.). Indeed, even if Defendant's virus symptoms were active, the sentencing factors here weigh so heavily in favor of continued incarceration that Defendant's Motion would still fail, absent a showing that he was not receiving adequate care through the BOP (and even then, the Court is not convinced that release would be the appropriate method of resolution).

Finally, as the Court has stated before, and the Government again argues, the other grounds for relief identified by Defendant under Section 401 of the First Step Act and Amendment 782 in his Motion are inapplicable or moot. (See Order at 3; Response at 4.)

Therefore, consistent with the above, upon reconsideration of Defendant's Motion together with Defendant's Letter, Defendant's Motion for Reduction of Sentence (**Doc. 535**), is once again DENIED.

IT IS SO ORDERED.

February 26, 2021                                   s\Cathy Bissoon
                                                    Cathy Bissoon
                                                    United States District Judge

cc (via ECF email notification):

All Counsel of Record

cc (via First-Class U.S. Mail):

BRYCE HARPER
Reg. # 34033-068
FCI Fort Dix
Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ 08640