# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No. 2:13-00062-1 |
| v. ) | |
| ) | Judge Cathy Bissoon |
| BRYCE HARPER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Bryce Harper's ("Defendant's") *pro se* Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A), ("Motion," Doc. 661). For the reasons discussed below, Defendant's Motion will be denied.

This is Defendant's second motion for compassionate release. Defendant filed a prior motion in 2020 that the Court denied. *See* Docs. 535, 563, 588 and 605. In the instant motion, Defendant makes two arguments in favor of a sentence reduction: (1) that, if he were sentenced today, he would no longer be considered a "career offender" and "would not have been enhanced or sentenced as a career offender;" and (2) that, if he were sentenced today, he "would not have been raised 2 levels on the Sentencing Guidelines Chart" for being on probation when he got indicted. (Doc. 661 at 5). The Government opposes Defendant's Motion. (Doc. 667).[1] For the reasons set forth below, Defendant's Motion will be denied.[2]

---

[1] Harper is currently incarcerated at FCI Fort Dix with an anticipated release date of September 28, 2029. *See* www.bop.gov/inmateloc/ (last visited May 6, 2025).

[2] For purposes of this Motion, the Court presumes, without deciding, that Defendant has exhausted his administrative remedies to the extent required by the compassionate release statute.

1

**I. Career Offender Status**

Defendant appears to bring his career offender argument under the November 1, 2023 amendment to Sentencing Guideline Section 1B1.13(b), which now provides that:

> if a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason [supporting a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)], but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G § 1B1.13(b)(6). *See* Doc. 661 at 15 ("[S]tarting November 1st law says if I have 10 years or more in that I can now file for compassionate release . . . ."). Although Defendant has served more than 10 years of his 228-month sentence, his argument fails on several fronts.

As an initial matter, Defendant fatally fails to articulate any change in law that he claims would have altered his career offender designation if he were sentenced today. Additionally, any change in law that may have affected Defendant's career offender status would not produce a gross disparity between his current sentence and any sentence likely to be imposed today given that his original sentence was not based on his advisory Guideline range but on the parties' binding plea agreement under Rule 11(c)(1)(C).[3] Even more critically, to the extent Defendant's argument is based on a non-retroactive change in law, new Subsection (b)(6) cannot provide relief because the amendment is inconsistent with the Circuit precedent set forth in <u>United States v. Andrews</u>, 12 F.4th 255 (3d Cir. 2021), which held that a non-retroactive change in law cannot constitute an extraordinary and compelling reason for a sentence reduction under Section 3582(c)(1)(A)(i). *See* <u>United States v. Rutherford,</u> 120 F.4th 360, 380 (3d Cir. 2024)

---

[3] Defendant's guideline range for imprisonment was 322 to 387 months, but he entered a plea agreement under Rule 11(c)(1)(C) to a term of 228 months.

(confirming, in the context of non-retroactive changes in law, that "the amended Policy Statement conflicts with Andrews, and Andrews controls"); *see also* United States v. Rodriguez, No. 23-1646, 2023 WL 4077341, at *2 (3d Cir. June 20, 2023) (not benefitting from non-retroactive change in law affecting career offender status is neither extraordinary nor compelling); United States v. McDaniels, No. CR 11-200, 2025 WL 19007, at *5 (W.D. Pa. Jan. 2, 2025) (same).  Finally, Defendant's "career offender" argument is a non-starter because a compassionate release motion is not the proper procedural vehicle to challenge a career offender designation.  *See* Rodriguez, 2023 WL 4077341, at *2 (compassionate release is not a means of avoiding the standards for obtaining relief via direct appeal or a § 2255 motion); United States v. Morris, No. 22-2204, 2022 WL 5422343, at *2 (3d Cir. Oct. 7, 2022) (same).

There is little reason to dwell on these concerns, however, because, even assuming Defendant could demonstrate extraordinary and compelling circumstances, a sentence reduction remains unwarranted in light of the Section 3553 factors.

As explained in the orders denying Defendant's prior motion, the 3553 factors weigh heavily against release.  *See* Docs. 563, 588.  Defendant's sentence reflects his history and characteristics, the seriousness of his offense, the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, and the needs for just punishment and deterrence.  Defendant pleaded guilty to two counts: conspiracy to distribute and possess with intent to distribute one kilogram or more of a mixture and substance containing a detectable amount of heroin, and possession of a firearm in furtherance of a drug trafficking crime.  His crime was serious, as he was involved in a large-scale drug conspiracy involving the distribution of a significant amount of heroin, and he had an extensive prior criminal history, including prior drug convictions.  Granting Defendant a sentence reduction after

he already has received the benefit of his 11(c)(1)(C) plea bargain would further undermine the § 3553(a) factors. Because the § 3553(a) factors continue to strongly weigh against reducing Defendant's sentence, his Motion should be denied on this basis as well.

**II. Status Point Reduction**

Defendant's second argument for a reduced sentence posits that if sentenced today, he "would not have been raised 2 levels on the Sentencing Guidelines Chart for being on probation" at the time of indictment. Doc. No. 661 at 5. As the Government correctly notes, Section 3582(c)(1)(A) is not the appropriate procedural vehicle to raise this claim. *See* Opp. Br. (Doc. 667) at 26-27 ("A request for a sentence reduction based on the status points amendment must be made in a motion under 18 U.S.C. § 3582(c)(2), not a compassionate release motion." (citing 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a))). Nevertheless, due to Defendant's *pro se* status, the Court will construe this portion of his motion as raised under Section 3582(c)(2). Even under that subsection, however, Defendant's argument is without merit.

As an initial matter, Defendant was sentenced as a career offender. Therefore, a status point reduction would have no effect on his criminal history category, and, by extension, his Guideline range. *See* U.S.S.G. § 1B1.10 app. note 1(A) (noting "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . an amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline . . . .").[4] Moreover, as set forth above, Defendant's sentence was

---

[4] It also is unclear that a two-point reduction would have lowered Defendant's criminal history category even absent his career offender status. According to the Presentence Investigation Report, Defendant's criminal history score was 9, with the two status points added, which equates to a criminal history category of IV, according to the Sentencing Table at USSG, Chapter 5, Part A. A one- or two-point reduction to a criminal history score of 7 or 8, also would

4

not predicated on his Guideline range but, instead, was based on a binding Rule 11(c)(1)(C) agreement negotiated between the parties. Finally, the Section 3553(a) factors strongly counsel against reducing Defendant's sentence for the reasons set forth more fully above, and his Motion fails on this basis as well.[5]

### III.     Conclusion

Therefore, consistent with the above, Defendant's Motion to Reduce Sentence (Doc. 661) is **DENIED.**

IT IS SO ORDERED.

May 6, 2025                                              s/Cathy Bissoon
                                                         Cathy Bissoon
                                                         United States District Judge

cc(via ECF email notification):

All Counsel of Record


cc (via First Class, U.S. Mail):

BRYCE HARPER
Reg. # 34033-068
FCI Fort Dix
Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ 08640

---

establish a criminal history category of IV under the Sentencing Table. *See* Doc. 412. Because the parties did not brief this issue, the Court does not explore it further.

[5] The Court will file form-order AO 247, titled, "Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)." The document is used to facilitate the Sentencing Commission's collection and reporting of data regarding motions filed pursuant to Amendment 821. The second page of the two page form-order is not intended for public disclosure. Accordingly, the Court will transmit to Defendant this Memorandum Opinion and page 1 of form-Order AO 247, but not page 2. Importantly, the information supplied on page 2 – a statement of reasons for the Court's decision – is materially identical to the contents of Section II of this Memorandum Opinion. No relevant information has been withheld.